Dated: October 17, 2016

The following is ORDERED:



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
DANIEL PEYRANO,   CASE NO. 14-80402-TRC
   CHAPTER 7
,
   Debtor.

DANIEL PEYRANO,
   Plaintiff

v.   ADV. NO. 15-8011-TRC

JOE SOTELO

   Defendant.

## ORDER REGARDING ATTORNEY FEES AND COSTS

Before the Court for consideration is the Plaintiff's Application for Allowance of Attorneys' Fees including expenses (Docket Entry 68) and Defendant Sotelo's Response and Memorandum Brief (Docket Entry 71). The parties agreed to submit this matter to the Court without the necessity of a hearing.

After trial held on August 17, 2016, this Court determined that Defendant Sotelo had violated the discharge injunction under 11 U.S.C. § 524 and awarded actual damages to Plaintiff, including attorney fees and costs. Entry of judgment was deferred pending a determination of the amount of attorney fees and costs that should be awarded to Plaintiff.

Plaintiff seeks attorney fees of $ 21,620.00 and expenses of $ 516.52 for services rendered from April 8, 2015 through trial. Two attorneys represented Plaintiff during the application period: Ron Brown and Greggory Colpitts. Defendant requests that the Court make substantial reductions in the amounts requested for a number of reasons, and requests that the Court take special note that the actions he took were based upon advice of his former counsel, Jennifer Heflin.[1] Defendant asks that the Court reduce Brown's hours from 52 to 20.25 or less, and reduce Colpitt's hours from 17.40 to zero.

The award of attorney fees in this case is as a civil contempt sanction to compensate Peyrano for the losses sustained due to Sotelo's actions in violation of the discharge injunction. *See Law v. National Collegiate Athletic Ass'n,* 1334 F.3d 1438, 1442 (10th Cir. 1998). Attorney fees must be incurred to present the contempt issue to the court and to enforce the discharge injunction. Peyrano was required to bring this litigation to stop Sotelo's conduct of pursuing the state court lawsuit to collect a discharged debt. He was successful in his lawsuit. He may recover reasonable costs incurred to bring this action, even if the award of other actual damages is less than the amount of the attorney fees and expenses. *Eastman v. Baker Recovery Servs. (In re*

---

[1] Sotelo's former counsel, Jennifer Heflin, was a named defendant in this case. Heflin filed bankruptcy in the Northern District of Oklahoma the day before trial on August 16, 2016, Case No. 16-11475-M. She was dismissed without prejudice by Plaintiff at the outset of trial on August 17, 2016. However, she voluntarily appeared as a witness at trial.

*Eastman),* 2010 Bankr. LEXIS 4928 (Bankr. W.D. Tex. Dec. 28, 2010). Attorney fees are part of the actual damage suffered as a result of a violation of the discharge injunction. *Id.*

This Court is accorded wide discretion in determining the amount of attorney fees to be awarded, and rests such determinations on the facts of each case.[2] Bankruptcy courts evaluate the reasonableness of an attorney fee application under the adjusted lodestar approach set forth in 11 U.S.C. § 330, as well as twelve guidelines articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* guidelines").[3] The *Johnson* guidelines are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The primary considerations in an award of fees are the hourly rate charged and hours expended. Indeed, most of the *Johnson* guidelines are "subsumed within the calculation of hours reasonably expended at a reasonable hourly rate."[4] The fee application includes detailed time records regarding the services performed in this case. Both Brown and Colpitts regularly practice bankruptcy law before this Court, and have done so for a number of years. They have extensive experience in bankruptcy law and procedures, and are well-respected by their colleagues and this Court. Sotelo concedes that $ 275 an hour is a reasonable hourly rate for both attorneys. The Court also agrees that this is a reasonable and customary hourly rate. However, the Court finds

---

[2] *In re Market Center East Retail Property, Inc.* 730 F.3d 1239 (10th Cir. 2013).

[3] *Id.* Although 11 U.S.C. § 330 is technically not applicable to this matter, the factors identified are well-accepted guidelines for awarding professional fees.

[4] *Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9 (1983).

that Colpitts' charge of $ 300 an hour is also reasonable and customary for this jurisdiction for an attorney with his extensive experience in consumer bankruptcy law and litigation, board certification in consumer bankruptcy, L.L.M. degree in taxation, and his experience in prosecuting discharge injunction violation cases.

The Court finds that the time spent and services rendered were reasonable, necessary and beneficial to Peyrano's case. Many of the time entries were for a half hour or less, indicating to the Court that both attorneys were efficient in attending to this case and in preparing it for trial. Although this was not a case of first impression and likely did not involve novel issues, cases of this type almost always involve some difficult factual issues. The time records do not reflect an unusual or inappropriate expenditure of time in research. Because of the bankruptcy issues and procedure, it was important for Peyrano to have skilled attorneys presenting his case. Under the circumstances of this case, evidence regarding notices given to Sotelo and Heflin regarding Peyrano's bankruptcy case was essential. As Peyrano's bankruptcy counsel, Brown was required to present some of this evidence. Colpitts' role as co-counsel was therefore necessary and reasonable. The Court finds no unreasonable or unnecessary duplication of efforts by Brown and Colpitts. The Court also notes that Colpitts has experience regarding discharge injunction cases. Faced with a defendant who was formally notified several times regarding the progress of Peyrano's bankruptcy yet still attempted to collect a discharged debt, it was reasonable and necessary to initiate and pursue this suit even though Sotelo did eventually dismiss Peyrano from the state court case.[5]

The Court finds that time spent to depose Heflin is reasonable under the circumstances. Sotelo's deposition contained admissions of his own actions as well as information regarding

---

[5] *See Eastman,* 2010 Bankr. LEXIS 4928 at *4 (Bankr. W.D. Tex. Dec. 28, 2010).

Heflin's role. The fact that Heflin would be dismissed was unknown to Peyrano's counsel until the day of trial. Heflin was a witness for both Peyrano and Sotelo so discovery regarding her actions was necessary for Peyrano to present and succeed in his case.

Peyrano does not seek an enhancement of the fee award therefore the Court finds that some of the *Johnson* guidelines are not relevant to this matter. The Court finds that the results obtained support its finding that all fees requested are reasonable since Peyrano prevailed in proving that Sotelo violated the discharge injunction.

IT IS THEREFORE ORDERED that Plaintiff Daniel Peyrano is awarded the sum of $ 22,136.52, which includes $ 21,620.00 in attorney fees and expenses of $ 516.52, in addition to this Court's previous award of lost wages.

IT IS FURTHER ORDERED that a separate judgment in favor of Plaintiff Daniel Peyrano for actual damages including lost wages, attorney fees and expenses shall be entered contemporaneously herewith.

###